# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JASON BAKER,

    Petitioner,

vs.                                        CASE NO. 5:08cv44-RS-MD

SCOTT A. MIDDLEBROOKS,

    Respondent.
_____/

## ORDER ON PETITIONER'S APPEAL AND OBJECTION

    Petitioner Jason Baker has filed an objection (Doc. 9) to the portion of the Magistrate Judge's order granting Respondent sixty days to show cause why Baker's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 should not be granted (Doc. 6).  Petitioner contends that the sixty-day response deadline is clearly erroneous and contrary to law because 28 U.S.C. § 2243 requires that the response be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.[1]

    While Petitioner correctly notes the strict time limit prescribed by § 2243, Petitioner is directed to the jurisprudence holding that the time limit is subordinate

---

[1] Petitioner also quotes and relies on an earlier version of Fed. R. Civ. P. 81(a)(2) which prescribed the same time limit as 28 U.S.C. § 2243.  Because Rule 81(a)(2) has been amended and the time limit quoted by Petitioner no longer appears in the amended rule, I will not address Rule 81(a)(2).

to the district court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases.  *See, e.g., LaRocca v. Fisher*, case no. 3:06cv367, 2006 WL 2927432 at *2, n. 3 (N.D. Fla. Oct. 10, 2006) ("Although this habeas action was not brought pursuant to section 2254 but section 2241, Rule 1(b) of the Section 2254 Rules allows the court to apply these rules in section 2241 cases."); *Deluna-Noriega v. Barron*, Case No. 3:06cv21, 2006 WL 5236954 at *2, n. 4 (N.D. Fla. Feb. 2, 2006) (same); *Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (the "rigidly prescribed" response deadline of § 2243 was "loosened up" by Rule 4 of the Section 2254 Rules, which has the "force of a superseding statute"); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (finding that the § 2254 Rules "take precedence" over 28 U.S.C. § 2243 and that the Supreme Court intended the § 2254 Rules to apply to petitions filed under § 2241); *Ukawabutu v. Morton*, 997 F. Supp. 605, 608 & n. 2 (D. N.J. 1998) ("The Habeas Corpus Rules confer 'ample discretionary authority' on district courts to 'tailor the proceedings' in habeas cases" and "apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); *Wyant v. Edwards*, 952 F. Supp. 348, 351 (S.D. W. Va. 1997) ("[G]iven the historical information concerning the promulgation of Rule 1(b) of the § 2254 Rules, the nature of habeas corpus, and the difficulties of imposing strict sanctions on a respondent custodian who is slow to answer, the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases, and that Rule 4's allowance for discretion prevails over . . . strict time limits."); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("Thus, in the conflict between Rule 4 of the § 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail.").

  Consistent with these decisions, it has been this Court's practice to exercise the discretion conferred upon the Court by Rule 4 of the § 2254 Rules and allow

respondents sixty days in which to respond to petitions for habeas corpus filed under section 2241. *See* Fed. R. Civ. P. 12(2) & (3) (requiring that the United States serve an answer, complaint, counterclaim, or crossclaim within sixty days after service). The sixty-day time limit, while not as rapid as the deadline prescribed by § 2243, is a reasonable compromise between the statute's strict deadline and the discretion conferred upon a court by Rule 4 of the § 2254 Rules. Sixty days affords Respondent a reasonable opportunity to answer so that a decision may be rendered on the merits of the petition rather than by default, while at the same time insuring that Petitioner receives the "swift, flexible, and summary determination" that is constitutionally required of a habeas corpus claim. *Presier v. Rodriguez*, 411 U.S. 475, 495, 36 L. Ed. 2d 439, 93 S. Ct. 1827 (1973), quoted in *In re Habeas Corpus Cases*, 216 F.R.D. 52, 55 (E.D. N.Y. 2003).

Accordingly, Petitioner's objection (Doc. 9) is **OVERRULED**.

**ORDERED** on April 8, 2008.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**