IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JASON BAKER,**
        **Petitioner,**

**vs.**                                  **Case No: 5:08cv44/RS/MD**

**SCOTT A. MIDDLEBROOKS,**
        **Respondent.**
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

      **This cause is before the court upon referral from the clerk.  Petitioner commenced this action on February 14, 2008 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  The petition raises two claims:  (1) that two Federal Bureau of Prisons' regulations (28 C.F.R. §§ 570.20 and 570.21) concerning Community Corrections Center ("CCC") placement are invalid because they contradict the clear and unambiguous congressional intent expressed in 18 U.S.C. § 3621(b); and (2) that the BOP's decision to provide petitioner with a release gratuity of only $25.00 instead of $500.00 is improper.  (Doc. 1, pp. 3-7).  As relief, petitioner seeks a declaration that the regulations at issue are invalid, an order requiring the BOP to consider petitioner for  immediate placement in a CCC without regard to those regulations, and an order requiring the BOP to grant petitioner a $500.00 release gratuity.  (Doc. 1, p. 8).**

      **Respondent filed a response in opposition to the petition on May 30, 2008. (Doc. 11).  Petitioner was provided an opportunity to reply, but did not do so.  (Doc. 12).  On July 2, 2008, respondent filed a motion to dismiss the petition as moot,**

arguing that petitioner was released to a Residential Reentry Center ("RRC") on June 3, 2008.  On July 11, 2008 the court entered an order directing petitioner to respond. (Doc. 14).  A copy of the order was mailed to petitioner at his address of record, the Federal Correctional Institution in Marianna, Florida.  However, on July 21, 2008 it was returned as undeliverable marked, "Return to Sender – Not Deliverable as Addressed – Unable to Forward" and "Return to Sender – Attempted Not Known." (Doc. 15).

The court, on its own initiative, reviewed the information on the BOP website to ascertain petitioner's current address.  The BOP indicated petitioner's location as the Orlando Community Corrections Management office ("Orlando CCM").  *See* www.bop.gov.  Because this address differed from that provided by respondent,[1] the court issued an order on July 23, 2008 directing petitioner to file, within fifteen days, a notice of change of address verifying his current address.  The order further directed petitioner to indicate his continued interest in this case by filing, within thirty days, a response to respondent's motion to dismiss.  Petitioner was warned that failure to comply with the order would result in a recommendation of dismissal of this action.  (Doc. 16).  The clerk mailed a copy of the order, along with a copy of respondent's motion to dismiss, to petitioner at the Orlando CCM as well as the Hillsborough CCC.  To date, the mail has not been returned.  However, petitioner has not responded to the order – he has neither filed a notice of change of address nor indicated his continued interest in this case.  No communication has been received from petitioner since April 2, 2008.

Accordingly, it is ORDERED:

The clerk shall mail a copy of this Order and Report and Recommendation to petitioner at the following addresses:  CCM Orlando, Community Corrections Office, 6303 County Road 500, Wildwood, Florida 34785; <u>and</u> Hillsborough Community

---

[1] The certificate of service attached to respondent's motion to dismiss indicated that petitioner was located at the Hillsborough Community Corrections Center ("Hillsborough CCC") in Tampa, Florida. (Doc. 13, p. 2).

Corrections Center (CCC), 4102 West Hillsborough Avenue, Tampa, Florida 33614.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE for petitioner's failure to comply with an order of the court.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of August, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).